No. 33,015

In re Claim of HAROLD HAUSER, *Appellant*, v. ESTATE OF ELLEN DOYLE, Deceased, *Appellee*.

No. 33,016

In re Claim of A. M. EBRIGHT, *Appellant*, v. ESTATE OF ELLEN DOYLE, Deceased, *Appellee*.

(56 P. 2d 1217)

 Opinion denying a rehearing and clarifying original opinion filed May 20, 1936. (For original opinion of reversal see 143 Kan. 719, 56 P. 2d 1217.)

*Clarence V. Beck,* attorney general, and *Forrest Smythe,* assistant attorney general, for the appellants.

*Braden C. Johnston, W. H. Carpenter* and *John E. Wheeler,* all of Marion, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Since the filing of the opinion in this case (reported in 143 Kan. 719, 56 P. 2d 1217), a motion for rehearing has been filed by Henry Young *et al.,* claimants to the estate, also a motion for modification of the opinion by the administrator and a motion for clarification of the opinion by the appellants.

The motion for rehearing presents no matter that was not presented on original submission of the cause and that was not considered when the opinion was prepared. The motion is denied.

The other two motions pertain solely to the right of the attorney general to appoint as special assistants attorneys other than those specifically provided for in our statutes. We stated the controversy did not arise on that question. We are now advised the question was raised in the district court, despite the lack of showing in the record, and that in order to avoid controversy on a further hearing as to the appellants' claims, it should be now decided.

The statute (R. S. 22-1204) makes it clear the allowance is not for services, but only to defray "reasonable expenses." It does not need to be demonstrated that the attorney general, by reason of the multitude of duties cast upon him by various statutes, cannot personally perform all such duties and this is recognized by statutory provision for certain assistants. The appellees contend the attorney general can appoint as assistants to aid him in making the inquiries and examination mentioned in the statute under consideration only such persons as are by him appointed as assistant attorneys general by reason of specific provisions of the statutes. But is he so limited?

It is the duty of the attorney general to so conduct the inquiries and examinations that expense may be kept at a minimum. We know of no reason why the attorney general may not exercise his judgment and discretion as to the manner and method in which he performs the duties obligatory on him under the statute. He may have concluded that it would be less expensive to have attorneys close at hand to represent his office rather than go personally or send assistants from Topeka. He and his regular assistants may have been fully engaged in looking after other of the state's business. Whatever may have been his reasons for designating the claimants as his assistants, it was not prohibited by statute; it was an act in the performance of his statutory duty. And, finally, it made no difference either to the administrator or the claimants to the estate what particular individual performed the duties.

The only matter to be heard by the probate court is the reasonableness of the claims for expenses.